HOLLEMAN, Appellant, v. TAYLOR, Respondent.

(184 N. W. 284.)

(File No. 4914.  Opinion filed September 16, 1921.  Rehearing denied October 19, 1921.)

**Vendor and Purchaser—Land Sale, Contract for Repurchase by Vendor, Whether Abandoned — Evidence, Non-preponderance Against Findings—Affirmance.**

Whether or not a contract of re-purchase by a vendor of land had been abandoned was conclusively determined by trial court's findings and judgment of dismissal of the action to compel defendant to take back the land; the determination of the material issues depending upon credibility of witnesses, and this Court cannot say the clear preponderance was contrary to trial court's findings. So held, where defendant gave testimony, corroborated by another, tending to show that plaintiff desired to sell back the land, but at a price $10 higher than the price specified in the written contract listing the land for such resale; while plaintiff's letter to defendant also indicated that he was holding the land at such advanced price.

Smith and McCoy, JJ., not sitting.

Appeal from Circuit Court, Brown County.  Hon. FRANK ANDERSON, Judge.

Action by David Holleman, against A. M. Taylor, to enforce specific performance of re-sale of land to plaintiff's vendor. From a judgment dismissing the action, and from an order denying a new trial, plaintiff appeals.  Affirmed.

*Williamson, Williamson & Smith*, for Appellant.

*Van Slyke & Agor*, for Respondent.

GATES, J.  In October, 1919, defendant contracted in writing to sell and convey to plaintiff a half section of land at $110 per acre.  Plaintiff paid $1,000 in cash and $9,815 by deed of other land to defendant.  The residue was to be paid in installments.  On the same day plaintiff entered into an agreement in

writing with defendant listing the land for sale with the A. M. Taylor Land Company at $120 per acre, the portion of which agreement material to the present case was as follows:

"Said A. M. Taylor hereby agrees to buy said land himself at above-described price and terms, if I should want to sell said land after March 1 and before June 15, 1919. I hereby appoint and constitute the said A. M. Taylor Land Company as my true and lawful attorney and agent, and authorize them to enter into a written contract for me and in my name and place for the sale of above-described real estate upon the above-mentioned price and terms. When sale is made, I agree to furnish an abstract showing good and merchantable title in me. (Printed matter marked out.) This contract shall remain in full force and effect until June 15, 1920, and to continue in force thereafter until have served ten days' written notice of cancellation upon the said A. M. Taylor Land Company."

This action was brought to compel defendant to take back the land. The trial court found that the latter agreement was mutually abandoned and entered judgment dismissing the action. Plaintiff appeals therefrom and from the order denying new trial.

The plaintiff gave testimony tending to show that on May 21, 1920, he indicated his wish to sell the land back to defendant at $120 per acre, and that on June 16, 1920, plaintiff wrote a letter to defendant, received in his absence on June 18, 1920, by the 'A. M. Taylor Land Company, asking defendant to take the land back at that price. Defendant gave testimony, corroborated by another, tending to show that on May 21, 1920, plaintiff desired to sell, but at the price of $135 per acre. A letter from plaintiff to defendant dated March 21, 1920, also indicated that plaintiff was holding the land at $135 per acre.

It seems to us that the determination of the material issues before the trial court, and now before this court, depends on the credibility of the witnesses. We cannot say that the clear preponderance of the evidence was contrary to the findings of the trial court.

The judgment and order appealed from are therefore affirmed.

SMITH and McCOY, JJ., not sitting.